[Cite as *Justice v. Ohio Dept. of Transp.*, 2011-Ohio-2494.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RHONDA R. JUSTICE

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-10025-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Rhonda R. Justice, filed this action against defendant, Department of Transportation (ODOT), contending her 2009 Pontiac G8 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 18 in Medina County. Specifically, plaintiff asserted the tire and rim on her car were damaged when the vehicle struck a piece of wood in the traveled portion of the roadway. Plaintiff advised her damage incident occurred "[w]hen the vehicle in front of me traveling in the same direction, hit a piece of 2 X 4 in the road which caused the piece of wood to kickback toward my vehicle" and plaintiff's car in turn struck the 2 X 4. Plaintiff located the described damage incident on State Route 18 west past "the Litchfield circle toward Bryonton Rd." Plaintiff recalled her damage event occurred on July 26, 2010 at approximately 5:30 p.m. In her complaint, plaintiff requested damages in the amount of $1,214.79, the total cost of replacement parts, related repair expense, and work loss associated with having her car repaired. Also in her complaint, plaintiff acknowledged she maintains insurance coverage for automotive damage with a $500.00 deductible provision and she has received reimbursement from

her insurer in the amount of $666.79. Pursuant to R.C. 2743.02(D)[1] plaintiff's damage claim is limited to $548.00, her insurance coverage deductible amount and work loss claim. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris at milepost 1.56 on State Route 18 in Medina County and advised ODOT did not receive any calls or complaints for debris at that location despite the fact the particular "section of roadway has an average daily traffic count between 3,860 and 5,360 vehicles." Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the debris existed on the roadway prior to her property damage event. Defendant pointed out the ODOT Medina County Garage received a phone call from plaintiff about her damage occurrence on July 26, 2010 at approximately 11:35 a.m. Therefore, defendant advised the actual date of plaintiff's incident was July 25, 2010 and not July 26, 2010 as referenced in plaintiff's complaint. Defendant insisted no ODOT personnel had any knowledge of a wooden object at milepost 1.56 on State Route 18 prior to the described incident forming the basis of this claim. Defendant contended plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant noted plaintiff's evidence in her complaint pointed to the fact the damage-causing wooden object was displaced on the roadway by an unidentified third party not affiliated with ODOT. Defendant pointed out plaintiff stated in her complaint that the wooden debris was thrown into the path of her car by another unidentified third party motorist. Defendant argued ODOT is generally not liable for damage caused by the acts of third parties with no connection to ODOT.

{¶ 3} Defendant related the ODOT "Medina County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to

---

[1] R.C. 2743.02(D) states:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section

two times a month." Apparently, no debris was discovered at milepost 1.56 on State Route 18 the last time that section of roadway was inspected before July 25, 2010. The claim file is devoid of any inspection record. Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded twelve maintenance operations were performed in the relevant area of State Route 18 during the time frame covered. According to the submitted maintenance history, the last time ODOT personnel were working in the area was on July 8, 2010 when sign mounting operations were conducted. The last time litter was removed from the area was on June 1, 2010. Defendant stated "if ODOT personnel had found any debris it would have been picked up." Defendant argued plaintiff failed to produce evidence to show her property damage was proximately caused by negligent maintenance on the part of ODOT.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

apply under those circumstances."

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous conditions is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 5:30 p.m. on July 25, 2010.

{¶ 8} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the fact of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.*

(Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the wooden debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the wooden debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris on the roadway.

{¶ 11} Evidence in the instant action is undisputed to show that plaintiff's damage was caused by an act of an unidentified third party. Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. See *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 12} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 13} Evidence in the instant claim tends to show the debris condition was caused by an unidentified third party and not negligent maintenance on the part of ODOT. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 14} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RHONDA R. JUSTICE

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2010-10025-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Rhonda R. Justice                                    Jerry Wray, Director
14112 Mason Road                                 Department of Transportation
Vermilion, Ohio  44089                           1980 West Broad Street
                                                              Columbus, Ohio  43223

RDK/laa
2/16
Filed 3/4/11
Sent to S.C. reporter 5/16/11